BING CONSTRUCTION COMPANY OF NEVADA, Appel-Lant, *v.* COUNTY OF DOUGLAS, a Political Subdi-vision of the State of Nevada, Respondent.

No. 20911

April 30, 1991                                       810 P.2d 768

*Milos Terzich,* Gardnerville, for Appellant.

*Scott Doyle,* District Attorney and *Robert Story,* Deputy District Attorney, Douglas County, for Respondent.

## OPINION

*Per Curiam:*

Appellant Bing Construction Company of Nevada (Bing) has operated a sand and gravel pit in the Gardnerville Ranchos area (the Ranchos) of Douglas County since 1967. At that time, the Douglas Board of County Commissioners (the County) granted Bing a five year use permit to conduct its business. One of the conditions of the permit was that Bing pay one-half the cost of paving Tillman Lane which abuts the Bing property.

In 1971, the agreement was renewed and reduced to writing. The County granted Bing a special use permit for the operation of its business for the useful life of the gravel pit. The permits also granted Bing rights to ingress and egress from the site using county roads. However, in 1989, the County adopted Resolution 89-55 which impaired some of the transportation rights granted Bing eighteen years earlier under the 1971 special use permit. The questions before this court are whether the County had the right to impair Bing's rights under the permit, and whether the County followed the proper procedures to do so.

The County held a public hearing on October 5, 1989, to discuss Resolution 89-55. The commissioners had already voted on and passed the resolution and this meeting was for a public discussion and a revote. A representative from Bing attended the meeting and brought an attorney.

Many of those who attended the hearing, including Bing and other construction companies, complained that they were given no notice of the hearing and were unaware of the contents of the resolution. Then one of the commissioners read it aloud and explained the County's reasons for passing it. In spite of the lack of notice, Bing and its attorney seemed to have been aware of the contents and nature of the resolution because they voiced many of the same opinions and arguments that they now raise on appeal.

The resolution would preclude truck traffic through certain

roads within the Ranchos. The roads at issue include Riverview Drive, Dresslerville Road and part of Tillman Lane, roads that Bing commonly uses to transport materials. The reason for the resolution is that the constant use of these roads for trucking has made them unsafe for the families that live in the Ranchos.[1] The County decided that truck traffic makes the roads dangerous because they are too narrow for trucks, they have no curbs or sidewalks, and they are dotted with bus stops where children gather and wait.

In response, construction companies complained that restricting the use of the Ranchos roads would impair the efficiency of their businesses and increase traffic on the already congested Interstate 395. They voiced concerns that traveling on 395 would add hours to transportation time, and that 395 is ill-suited for truck use because in some places it is narrower than the roads through the Ranchos. Along 395, trucks would pass by two schools, a grammar school and a high school. The high school has an open campus and teenagers are often in the streets.

In addition to these concerns of the community at large, Bing argued that the County may not pass a resolution in derogation of its special use permit. Nevertheless, the County adopted Resolution 89-55, and Bing brought this action for injunctive relief in district court. Bing litigated on its own behalf, but still asserted the concerns of other companies who use the Ranchos roads for truck transportation.

In the court below, Bing argued that generally, the resolution created too many problems for trucks in the area, and that personally, its special use permit as well as the money it spent on Tillman Lane granted it a vested interest in the Ranchos roads. The trial court decided that a permit is not a contract, and bestows no vested rights. Therefore, the County may revoke the permit when making a zoning change. In addition, the trial court found that (1) whether the resolution is a proper public safety measure need not be addressed because that issue is within the discretion of the county commissioners; (2) the resolution did not impair Bing's special use permit because Bing could still operate its plant and could still transport its materials over some county roads; (3) if the court allowed Bing alone to use the Ranchos roads, then other truckers would bring discrimination suits; and finally, (4) Bing had sufficient notice of the hearing regarding the impairment of their special use permit because it came prepared to voice its concerns.

[1] When Bing first obtained his special use permit, the Ranchos area was not populated. Since then, many homes have been built and families have moved in.

Bing asserts the same issues on appeal. We agree with the trial court that whether the zoning change is a benefit to the County is within the County's discretion, and that the County may revoke Bing's special use permit to make the zoning change. However, we conclude that Bing was not afforded proper notice before this hearing was held and his permit impaired. Although the County complied with Nevada Revised Statutes and Douglas County Codes before holding this hearing, the wording of the applicable statutes and ordinances fails to afford the holder of a special use permit due process before revocation of the permit.

Before the granting of a special use permit, NRS 278.315 requires a board of commissioners to hold a hearing. This statute also provides that the applicant and each owner of property within 300 feet must receive notice of the hearing by mail. Therefore, the county must personally notify interested parties before granting a special use permit.

Nevada law is not so specific regarding the revocation of such a permit. In fact, NRS 278.317 states that a county may reserve for itself the right to modify or reverse permits, but provides no further procedural requirements. Hence, the legislature left to each individual county the decision how to proceed when revoking permits.

Both Clark and Washoe Counties require personal notice to all interested parties upon the revocation of a permit or a zoning change.[2] In Douglas County, however, the requirements are far more lax. Notice and a hearing is required upon the granting of a special use permit. But upon revocation, the Douglas County Codes state only that the commission may order non-conforming uses discontinued within a reasonable time.[3] Even for general zoning changes, Douglas County only requires notice by publication, which is the minimum that the legislature requires. *See* NRS 278.260(2), DCC 17.12.080(A).

The County claimed that it published notice of this hearing in a local paper, and hence it satisfied the notice requirements. However, we are not convinced that just because the legislature let individual counties determine their own procedure to alter zoning

---

[2]Clark County requires notice and a hearing to all parties located within 300 feet of the proposed zoning change.

Washoe County requires the same procedures for revocation of a special use permit that it requires for issuance. For issuance, the board of commissioners must provide notice and hearing to all property owners within 300 feet of the area of the proposed special use.

[3]*See* DCC 17.44.070 *Special use permits,* DCC 17.60.060 *Hearing,* and DCC 17.56.010 *Non-conforming Use, Designated—Discontinuance when.*

in derogation of a special use permit, counties are free to make changes without personally notifying the citizens who will be directly affected. Due process concerns require that a property owner must be notified when its rights are changed, even if those rights are not vested. In this case, Bing had been using the Ranchos roads pursuant to a special use permit that it had obtained eighteen years before the County's decision to make a zoning change. Personal notice of the public hearing regarding this change is a minimum that the County must afford to Bing.

Other states have held that upon a zoning change, the failure to provide personal notice to an interested party is a violation of due process. *See* Alder v. Lynch, 415 F.Supp. 705 (D.Neb. 1976) (revocation of a variance for a dog kennel was reversed because the grantee was not provided notice and a hearing); Anderson v. Judd, 404 P.2d 553 (Colo. 1965) (lack of notice invalidated a zoning change because an affected party's right to notice and a hearing is fundamental); Goldberg v. City of Milwaukee Bd. of Zon. App., 340 N.W.2d 558 (Wis.App. 1983) (board must follow specific procedures before the revocation of a variance; else, the revocation is invalid). In each of these cases, the courts invalidated a zoning change or special use permit revocation because the local ordinances provided that the interested parties were entitled to notice. Even though Douglas County lacks an ordinance providing for personal notice, we conclude that a county may not choose to revoke special uses without a valid reason, and therefore must provide personal notice and a hearing to all parties who will be directly affected by the zoning change or permit revocation.[4]

We realize that in this case, Bing did receive some actual notice because its representative attended the hearing with an attorney. However, mere presence does not prove that Bing knew the content of the resolution so that it could prepare to oppose it. Therefore, we are compelled to remand the case so that the County will hold a new hearing, and thereby conform with common procedural practices when making new resolutions.

We also note that very little evidence was offered at the hearing to support the Board's allegations that legitimate safety concerns prompted this zoning change. Although zoning decisions are

---

[4]Holders of special use permits or variances, and property owners within a close proximity to the zoning change fit into this category. Notice by publication could be sufficient to those who are indirectly affected, such as the other construction companies who voiced their opposition to this resolution.

predominantly within the discretion of the local zoning board, this court has reversed a municipal action for lack of evidentiary support. *Nova Horizon v. City Council, Reno,* 105 Nev. 92, 769 P.2d 721 (1989) (Council's denial of approval for a project was based on a campaign promise); *City Council, Reno v. Travelers Hotel,* 100 Nev. 436, 638 P.2d 960 (1984) (denial of special use permit is a manifest abuse of discretion when the only evidence to deny the permit is the council members' own arguments).

We have not determined that in this case, the County's decision should be reversed for lack of evidentiary support. This court is reluctant to reverse county actions absent a manifest abuse of discretion. However, a hearing that contains evidence in support of the resolution at issue is of great value when the decision is appealed. For that reason, boards of commissioners should be certain that evidence in hearing records shows that zoning changes were made to promote the health, safety, morals, or general welfare of its citizens. *See* NRS 278.020(1). So long as such evidence is present in the record, this court will have no reason to question actions which should remain within the discretion of individual counties.

Accordingly, we reverse, and remand this case to the district court to refer Resolution 89-55 back to the county for a new, properly noticed hearing.[5]

---

[5]THE HONORABLE THOMAS L. STEFFEN, Justice, voluntarily recused himself from participation in the decision of this appeal.